UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PHILLIP YATES,

         Plaintiff,

 -against-         9:17-CV-1227 (LEK/DEP)

DR. DOREEN SMITH,

         Defendant.

## DECISION AND ORDER

**I. INTRODUCTION**

This matter comes before the Court following a report-recommendation filed on July 11, 2018, by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 26 ("Report-Recommendation").

**II. LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a

Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

### III. DISCUSSION

Although neither party filed any objections within the allotted time period, Docket, Plaintiff did file a document titled a "Responsive Statement of Material 'Facts'" on July 24, 2018, Dkt. No. 27 ("RSMF").

In the Report-Recommendation, which was filed two weeks prior to Plaintiff's RSMF, Judge Peebles expressly noted that only Defendant had submitted "a statement of undisputed material facts, as required by the Court's local rules," R. & R. at 7 n.4. Indeed, "[a]lthough plaintiff ha[d] responded in opposition to defendant's motion, he [failed to] submit[] a responsive statement of material facts" despite the Court's express instructions to that effect.[1] Id. Judge Peebles therefore recommended "that the court deem the facts contained in defendant's statement of facts as having been admitted to the extent that they are supported by accurate

---

[1] Defendant filed her motion for summary judgment on April 2, 2018. Dkt. No. 17 ("Summary Judgment Motion"). The same day, the Court issued a notice to Plaintiff regarding related deadlines, which stated that any responsive documents had to be filed by April 17, 2018. Dkt. No. 18 ("Notice"). That document also included a warning to Plaintiff that, if he failed to "submit a proper response to the defendant[']s statement of material facts, the Court may deem [him] to have admitted the defendant[']s factual statements." Id. (emphasis omitted).

2

record citations," with any facts not contained therein to be resolved "in favor of the non-movant." Id.

In light of the responsive deadlines and warnings that had been provided by the Court, e.g., Notice at 2, Judge Peebles did not err in deeming Defendant's statement of facts as having been admitted. In any event, even if the Court subsequently decided to recognize Plaintiff's tardy RSMF, that document would not have any effect on Judge Peebles' rationale for denying Defendant's Summary Judgment Motion. Judge Peebles found that, because the Inmate Grievance Program "was not functionally available to plaintiff," Defendant's only argument in the Summary Judgment Motion—that Plaintiff had failed to exhaust all available administrative remedies—failed to provide sufficient grounds for a finding of summary judgment. R. &. R. at 16. Therefore, despite adopting a less-favorable view of the facts than Plaintiff's RSMF may have allowed, the Report-Recommendation nonetheless rightly decided Defendant's Summary Judgment Motion in Plaintiff's favor.

The Court has reviewed the rest of the Report-Recommendation for clear error and has found none.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 26) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendant's Motion for Summary Judgment (Dkt. No. 17) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     August 06, 2018
              Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge