UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PHILLIP G. YATES,

                                      Plaintiff,                9:17-CV-1227
                                                                 (LEK/ML)

    v.

DOREEN SMITH,

                                      Defendant.
_____

APPEARANCES:

MICHAEL YATES,
seeking substitution on behalf
of PHILLIP G. YATES,
deceased Plaintiff, pro se

HON. LETITIA JAMES                          HELENA LYNCH, Esq.
Attorney General of the State of New York     Assistant Attorney General
Counsel for the Defendant
The Capitol
Albany, NY 12224

MIROSLAV LOVRIC
United States Magistrate Judge

## DECISION AND ORDER

## I. INTRODUCTION

On August 24, 2017, pro se plaintiff Phillip G. Yates ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 seeking damages for violations of his constitutional rights. Dkt. No. 1. On April 14, 2019, pursuant to Rule 25 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendant filed a Suggestion of Death stating that Plaintiff died on March 30, 2019. Dkt. No. 57. On July 30, 2019, Defendant filed a motion to dismiss the action pursuant to Rule 25(a)(1). Dkt. No. 61. In a Decision and Order filed on August 14,

2019 (the "August Order"), the Court denied Defendant's motion to dismiss, without prejudice. Dkt. No. 62. Defendant was directed to serve Plaintiff's successors or representatives with the Suggestion of Death (Dkt. No. 57) or state why Defendant could not have identified Plaintiff's successors or representatives by the date Defendant filed the Suggestion of Death.[1] *Id.*

Presently before the Court is a motion by Plaintiff's brother, Michael E. Yates, to be substituted as plaintiff in place of the deceased. Dkt. No. 63. Defendant opposes the motion. Dkt. No. 64.

## II. DISCUSSION

Pursuant to Rule 25(a)(1), substitution of the parties in a civil action may be allowed upon the death of a named party:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. The motion for substitution must be made by a party or by the decedent's successors or representative. If the motion for substitution is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

The Second Circuit has held that a claim survives the injured party's death "if applicable state law creates a right of survival." *Barrett v. United States*, 689 F.2d 324, 331 (2d Cir. 1982) (citation omitted) (holding that a cause of action under 42 U.S.C. § 1983 survived the injured party's death (citing N.Y. E.P.T.L. § 11-3.2(b) (McKinney 1982) ).

In this case, based upon the August Order, Mr. Yates' motion is timely. *See* Dkt. No. 62. Moreover, Defendant does not oppose the motion on this ground. Rather, Defendant

---

[1] Defendant has not responded to the August Order.

2

argues that the movant has not presented, "proper proof that he is Plaintiff's successor or representative[.]" Dkt. No. 64 at 6.

A "proper party" is either, "the successor of the deceased or the representative of his estate." *Graham v. Henderson*, 224 F.R.D. 59, 64 (N.D.N.Y. 2004). For the purposes of substitution, a representative is determined by the forum state's law. New York defines a representative as "a person who has received letters to administer the estate of a decedent . . . [and] is usually either the appointed administrator or executor of the decedent's estate. *Id*. A successor is considered a proper party under Rule 25 if that person is a distributee of the decedent's estate. *See Hardy v. Kaszycki & Sons Contractors, Inc*., 842 F. Supp. 713, 716-17 (S.D.N.Y. 1993) (holding that decedent's wife was the primary distributee of the estate under the New York intestate distribution laws and that she was, therefore, the proper party to be substituted in the action); *Gronowicz v. Leonard*, 109 F.R.D. 624, 626 (S.D.N.Y. 1986) (holding that "[a] distributee of an estate is a 'proper party' under Rule 25(a) if the estate of the deceased has been distributed at the time the motion for substitution has been made" (citations omitted) ).

Here, Mr. Yates has not demonstrated that he is either the successor of the deceased Plaintiff or the representative of his estate. Therefore, the Court advises Mr. Yates that, if he wishes to pursue this action, he must provide this Court with evidence that Plaintiff's estate has been distributed and he is the distributee of that estate or that he has been designated under New York law as the legal representative of Plaintiff's estate.[2]

---

[2] Mr. Yates submitted a timely request for substitution but failed to provide information that demonstrates that he is a proper party to the action. It is, therefore, appropriate to grant him an extension of the ninety-day period to allow him to provide the information outlined in this Decision and Order. *See Billups v. West,* No. 95 CIV. 1146, 1998 WL 341939, *2 (S.D.N.Y. June 26, 1998) (granting an extension of ninety days

(continued...)

In addition to demonstrating that he is a proper party, in order to proceed pro se, Mr. Yates must provide this Court with evidence that he is the primary distributee of his brother's estate and does not represent the interest of any beneficiaries or creditors whom the outcome of this lawsuit might impact. *See Iannaccone v. Law*, 142 F.3d 553, 560 (2d Cir. 1998) (allowing the plaintiff to proceed pro se on the claims for which the estate and its creditors had no right or interest). Absent such a showing, Mr. Yates must obtain counsel in order to represent the interests of the estate. *See Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("hold[ing] that an administrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant"); *Billups*, 1998 WL 341939, at *2 (holding that, if decedent's mother "submits evidence of, and wishes to proceed as, the representative of Billups' estate, she must retain counsel to represent the estate").

**WHEREFORE, it is hereby**

**ORDERED** that Michael Yates' motion for substitution (Dkt. No. 63) is **DENIED without prejudice to renew within ninety days of the date of the within Order**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Defendant and Michael Yates in accordance with the Local Rules. The Clerk of the Court shall also send Mr. Yates a copy of this District's Pro Se Manual and this District's Local Rules.

---

[2](...continued)
from the date of the court's order to allow the movant to provide evidence that she was either the successor or representative of the deceased under Rule 25).

IT IS SO ORDERED.

Date: September 19, 2019

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge