UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PHILLIP G. YATES,

                              Plaintiff,            9:17-CV-1227
                                                                (LEK/ML)
    v.

DOREEN SMITH,

                              Defendant.

---

APPEARANCES:

MICHAEL YATES,
seeking substitution on behalf
of PHILLIP G. YATES,
deceased Plaintiff, pro se

HON. LETITIA JAMES                       HELENA LYNCH, Esq.
Attorney General of the State of New York     Assistant Attorney General
Counsel for the Defendant
The Capitol
Albany, NY 12224

MIROSLAV LOVRIC
United States Magistrate Judge

## DECISION AND ORDER

### I.    INTRODUCTION AND PROCEDURAL HISTORY

On August 24, 2017, pro se plaintiff Phillip G. Yates ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 seeking damages for violations of his constitutional rights. Dkt. No. 1. On April 14, 2019, pursuant to Rule 25 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendant filed a Suggestion of Death stating that Plaintiff died on March 30, 2019. Dkt. No. 57. On July 30, 2019, Defendant filed a motion to dismiss the

action pursuant to Rule 25(a)(1). Dkt. No. 61. In a Decision and Order filed on August 14, 2019 (the "August Order"), the Court denied Defendant's motion to dismiss, without prejudice. Dkt. No. 62. Defendant was directed to serve Plaintiff's successors or representatives with the Suggestion of Death (Dkt. No. 57) or state why Defendant could not have identified Plaintiff's successors or representatives by the date Defendant filed the Suggestion of Death. *Id.*

On August 22, 2019, Plaintiff's brother, Michael E. Yates, filed a motion to be substituted as plaintiff in place of the deceased. Dkt. No. 63. Defendant opposed the motion. Dkt. No. 64. In a Decision and Order filed on September 19, 2019 (the "September Order"), the Court denied the motion, without prejudice to renew concluding, "Mr. Yates has not demonstrated that he is either the successor of the deceased Plaintiff or the representative of his estate." Dkt. No. 66 at 3. The Court provided Mr. Yates with an opportunity to provide evidence that Plaintiff's estate has been distributed and he is the distributee of that estate or that he has been designated under New York law as the legal representative of Plaintiff's estate. *See id*. at 3-4. The Court also directed Mr. Yates to provide "evidence that he is the primary distributee of his brother's estate and does not represent the interest of any beneficiaries or creditors whom the outcome of this lawsuit might impact." *Id*. at 4. The Court noted, "[a]bsent such a showing, Mr. Yates must obtain counsel in order to represent the interests of the estate." *Id*.

Presently before the Court is Michael Yates' renewed motion for substitution, filed pro se. Dkt. No. 67. Defendant has opposed the motion. Dkt. No. 68.

## II. DISCUSSION

The law related to Rule 25(a)(1) and the substitution of the parties in a civil action was discussed at length in the September Order and will not be restated herein. *See* Dkt. No. 66 at 2-3.

With the renewed motion, Mr. Yates has provided a copy of an order from the Probate Court in Berkeley County, California, appointing him a personal representative of the decedent's estate. Dkt. No. 67 at 7. Defendant objects to the substitution arguing that the movant has not demonstrated that he is a successor or representative under New York law. *See generally* Dkt. No. 68.

"It is well established that a proper party under Rule 25 is either a representative of the decedent's estate or the successor of the deceased." *Shapiro v. United States*, No. 07 CIV. 161, 2008 WL 4302614, at *1 (S.D.N.Y. Sept. 17, 2008) (citations omitted). "[A] representative of the deceased party [is] a person lawfully designated by state authority to represent the deceased's estate." *Lungu v. New Island Hosp./St. Joseph Hosp.*, No. CV-11-0755, 2012 WL 2050205, at *5 (E.D.N.Y. June 4, 2012) (citation omitted). "Under New York law, applicable here, a 'representative' is usually the appointed administrator or executor of the decedent's estate." *Allen ex rel. Allen v. Devine*, No. 09-CV-668, 2011 WL 5117619, at *4 (E.D.N.Y. Oct. 25, 2011); *Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 138 (E.D.N.Y. 2012). ("Any person to whom letters of administration have been issued is known as an 'administrator' under New York law.") (citation omitted); *English v. Murphy-Lattanzi*, No. 12-CV-419, 2015 WL 630248, at *3 (E.D.N.Y. Feb. 12, 2015) (a lawful representative of the defendant's estate designated by the Massachusetts Probate Court, is a proper party for

3

substitution under Rule 25(a)(1)).

With the Certificate of Appointment, Mr. Yates has proven that he is a proper party to this action. *See Wilcox v. Ozmint*, No. CA 9:11-2073, 2012 WL 1416520, at *2 (D.S.C. Apr. 3, 2012) (finding that the decedent's personal representative is a proper party under Rule 25). Nevertheless, there is still an impediment to substitution.

Mr. Yates has not provided evidence that he is the primary distributee of his brother's estate or evidence that he does not represent the interest of any beneficiaries or creditors whom the outcome of this lawsuit might impact. As discussed in the September Order, without such evidence, Mr. Yates may not proceed pro se.

Accordingly, the Court denies Mr. Yates' renewed motion, without prejudice. Mr. Yates must provide evidence demonstrating that he may proceed pro se. In the alternative, Mr. Yates may retain counsel to represent his brother's interests. *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (holding that an administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant).

### III. CONCLUSION

**WHEREFORE, it is hereby**

**ORDERED** that Michael Yates' renewed motion for substitution (Dkt. No. 67) is **DENIED without prejudice to renew within ninety days of the date of the within Order**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Defendant and Michael Yates in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: January 17, 2020

_____
Miroslav Lovric
U.S. Magistrate Judge