UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

PHILLIP G. YATES,

                Plaintiff,

-against-                                   9:17-CV-1227 (LEK/ML)

DOREEN SMITH,

                Defendant.

**DECISION AND ORDER**

**I.    INTRODUCTION**

On August 24, 2017, Plaintiff Phillip G. Yates commenced this pro se action pursuant to 42 U.S.C. § 1983 seeking damages for violations of his constitutional rights. Dkt. No. 1 ("Complaint"). On April 14, 2019, Defendant filed a suggestion of death pursuant to Rule 25 of the Federal Rules of Civil Procedure, stating that Plaintiff died on March 30, 2019. Dkt. No. 57 ("Suggestion of Death"). On July 30, 2019, Defendant filed a motion to dismiss the action pursuant to Rule 25(a)(1). Dkt. No. 61. In a Decision and Order filed on August 14, 2019, the Court denied Defendant's motion to dismiss without prejudice. Dkt. No. 62. Defendant was directed to serve Plaintiff's successors or representatives with the Suggestion of Death or state why Defendant could not have identified Plaintiff's successors or representatives by the date on which Defendant filed the Suggestion of Death. <u>Id.</u>

On August 22, 2019, Plaintiff's brother, Michael E. Yates, filed a motion to be substituted as plaintiff in place of Phillip Yates. Dkt. No. 63. Defendant opposed the motion. Dkt. No. 64. In a Decision and Order filed on September 19, 2019, the Court denied the motion without prejudice to its renewal, concluding that Michael Yates "has not demonstrated that he

is either the successor of the deceased Plaintiff or the representative of his estate." Dkt. No. 66 (the "September 2019 Order") at 3. The Court provided Michael Yates with an opportunity to provide evidence that Plaintiff's estate has been distributed and that he is the distributee of that estate or that he has been designated the legal representative of Plaintiff's estate under New York law. Id. at 3–4. The Court also directed Michael Yates to provide "evidence that he is the primary distributee of his brother's estate and does not represent the interest of any beneficiaries or creditors whom the outcome of this lawsuit might impact." Id. at 4. The Court noted that "absent such a showing, [Michael] Yates must obtain counsel in order to represent the interests of the estate." Id.

On November 22, 2019, Michael Yates filed a second pro se motion for substitution. Dkt. No. 67 ("Second Substitution Motion"). Defendant opposed the Second Substitution Motion. Dkt. No. 68. With the Second Substitution Motion, Michael Yates provided the Court with a copy of a Certificate of Appointment from Berkeley County, South Carolina[1]. Second Substitution Motion at 7. In a Decision and Order filed on January 17, 2020, the Court concluded that Michael Yates sufficiently established that he is a proper party to this action. Dkt. No. 70 (the "January 2020 Order"). The Court, however, denied the Second Substitution Motion because Michael Yates indicated that he intended to proceed pro se, see Second Substitution Motion at 3, and failed to provide the Court with evidence that he is the primary distributee of his brother's estate or evidence that he does not represent the interest of any beneficiaries or creditors whom the outcome of this lawsuit might impact. See January 2020

---

[1] In its January 17, 2020 Decision and Order, the Court erroneously stated that the Certificate of Appointment was issued in California, rather than South Carolina. See Dkt. No. 70.

Order. The Court afforded Michael Yates a third opportunity to provide the necessary documentation and advised him that he may also retain counsel to represent his brother's interest. See id.

Presently before the Court is Michael Yates' third motion for substitution, filed pro se. Dkt. No. 73 ("Third Substitution Motion"). Defendant has opposed the motion. Dkt. No. 74.

## II. DISCUSSION

In the September 2019 Order, the Court addressed Michael Yates' request to proceed pro se:

> . . . in order to proceed pro se, [Michael] Yates must provide this Court with evidence that he is the primary distributee of his brother's estate and does not represent the interest of any beneficiaries or creditors whom the outcome of this lawsuit might impact. See Iannaccone v. Law, 142 F.3d 553, 560 (2d Cir. 1998) (allowing the plaintiff to proceed pro se on the claims for which the estate and its creditors had no right or interest). Absent such a showing, [Michael] Yates must obtain counsel in order to represent the interests of the estate. See Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) ("hold[ing] that an administrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant"); Billups, 1998 WL 341939, at *2 (holding that, if decedent's mother "submits evidence of, and wishes to proceed as, the representative of Billups' estate, she must retain counsel to represent the estate").

September 2019 Order at 4.

With the Third Substitution Motion, Michael Yates indicates that he intends to proceed pro se. See Third Substitution Motion ¶ 9. He provided a copy of a document issued by the probate court in Berkeley County, South Carolina, titled Information to Heirs and Devisee, indicating that he is the personal representative. Dkt. No. 73-1 at 1. The document provides,

3

"[r]eceipt of this form does not mean that you will inherit from the Decedent." Id.

Upon review, the Court concludes that the documentation from the probate court does not establish that Michael Yates is the primary distributee of his brother's estate and that he does not represent the interests of any beneficiaries or creditors whom the outcome of this lawsuit might impact. See September 2019 Order at 4. He has not produced Plaintiff's will or any other probate documents establishing that Plaintiff had no other beneficiaries. While Michael Yates states, in his affidavit, that he is Plaintiff's only surviving brother, he does not attest to the fact that Plaintiff had no other beneficiaries.

The Third Substitution Motion does not comply with the Court's prior directives. See Purcell v. City of New York, No. 18-CV-3979, 2018 WL 3733941, at *2 (E.D.N.Y. Aug. 6, 2018) (to appear pro se, the movant must affirm that no creditors have any claim on the estate and produce a will naming her as the only beneficiary or letters of administration (or other probate documents) indicating that the plaintiff had no spouse, child, or parent who could be a beneficiary of the estate). As discussed in the September 2019 and January 2020 orders, without evidence demonstrating that Michael Yates is the primary distributee of Plaintiff's estate and does not represent the interest of any beneficiaries or creditors whom the outcome of this case may impact, Michael Yates may not proceed pro se.

Accordingly, the Court denies Michael Yates' Third Substitution Motion without prejudice. Michael Yates must provide evidence demonstrating that he may proceed pro se by establishing that he is the primary distributee of Plaintiff's estate and that he does not represent the interests of any beneficiaries or creditors whom the outcome of this case may impact. In the alternative, Michael Yates may retain counsel. See Pridgen, 113 F.3d at 393. If Michael Yates is

unable to afford counsel, the Court will entertain a motion to appoint counsel despite his status as a non-party. See Porter v. Louisville Jefferson Cnty. Metro Gov't, 2016 U.S. Dist. LEXIS 6437, at *10 (W.D. Ky. Jan. 20, 2016) (granting motion to appoint counsel filed by non-party deponent).

### III.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Michael Yates' Third Substitution Motion (Dkt. No. 73) is **DENIED without prejudice** to renew within ninety (90) days of the date of this Decision and Order; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Decision and Order on Defendant and Michael Yates in accordance with the Local Rules.

**IT IS SO ORDERED.**


DATED:      September 24, 2020
            Albany, New York


_____
Lawrence E. Kahn
U.S. District Judge

5